ORIGINAL

# In the United States Court of Federal Claims

No. 16-125T
(Filed: July 13, 2016)

**FILED**

JUL 1 3 2016

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * *

EVA B. VELLAI-PALOTAY,

      *Plaintiff,*

v.

THE UNITED STATES,

      *Defendant.*

* * * * * * * * * * * * * * * * * * *

## ORDER

This is a suit for a refund of taxes pursuant to 28 U.S.C. § 1491(a)(1). Plaintiff, who appears pro se, seeks tax refunds for the tax years 2006, 2007, 2008, and 2010. Pending is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff did not respond to the motion. We need not wait for a response because it is evident on the face of the complaint that plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff's complaint, filed on January 27, 2016, did not contain a copy of her claim for refund as required by RCFC 9(m). However, defendant provided plaintiff's Forms 1040 for the tax years 2006, 2007, 2008, and 2010 as an attachment to its motion to dismiss. Thus, while documents outside of the pleadings ordinarily may not be considered in deciding a motion to dismiss, we may consider plaintiff's Forms 1040 because they are integral to the complaint and should have been attached to it. In addition to plaintiff's Forms 1040, defendant provided copies of plaintiff's Form 4340, Certificate of Assessments, Payments, and Other Specified Matters ("the transcripts") for the relevant tax years. Unlike the Forms 1040, however, the transcripts contain matters not referenced in the complaint and therefore may not be considered without converting defendant's motion to one for summary judgment. Rather than converting the motion, however, we decline to consider the transcripts.

USPS TRACKING #    **9114 9999 4431 3548 1061 32**
& CUSTOMER    For Tracking or inquiries go to USPS.com
RECEIPT    or call 1-800-222-1811.

Defendant produced two of plaintiff's Forms 1040 for the tax year 2006, dated July 12, 2014 and July 26, 2015. On both forms, plaintiff reported $10,620 of "long-term disability income" but reported no taxable income and no tax liability. On both forms plaintiff also claimed an overpayment of $2,747 based on a claimed Earned Income Credit of $2,747. Defendant produced a second Form 1040, pertaining to the tax year 2007, filed by plaintiff and dated July 12, 2014. On this form, plaintiff reported $10,968 in "long-term disability income" but no taxable income and no tax liability. Plaintiff also claimed an overpayment of $2,853 based on a claimed Earned Income Credit.

Defendant produced three Forms 1040 filed by plaintiff for the tax year 2008, two dated August 28, 2013 and one dated July 26, 2015. On each form, plaintiff reported $11,220 of "long-term disability income" but reported no taxable income and no tax liability. She also claimed an overpayment of $2,917 based on a claimed Earned Income Credit.

Defendant produced five of plaintiff's Forms 1040 for the tax year 2010, one dated March 22, 2012, a second dated January 8, 2013, two dated April 23, 2013, and another dated July 26, 2015. In each return, plaintiff reported $11,868 of "long-term disability income" but reported no taxable income and no tax liability. She also claimed an on overpayment of $3,050 based on an Earned Income Credit.

In its motion, defendant contends that plaintiff's claims should be dismissed because plaintiff has failed to state a claim upon which relief can be granted.[1] According to defendant, plaintiff has stated no basis upon which she can recover because she has not alleged any income that qualifies for the Earned Income Credit under 26 U.S.C. § 32, which is the basis for her refund claim.

We agree with defendant. The Earned Income Credit provides a credit

---

[1] Defendant also argues that plaintiff's claim for the tax year 2007 should be dismissed because plaintiff has not met the jurisdictional requirements of 26 U.S.C. § 6511(a) and § 7422(a); namely, she failed to file an administrative claim for refund within the later of three years from the time the refund was filed or two years from the time the tax was paid. 26 U.S.C. § 6511(a) (2012). However, because this argument relies on plaintiff's transcript for the tax year 2007, which we decline to consider, we do not reach this argument.

to low-income taxpayers based on the amount of the taxpayer's "earned income." The term "earned income" means wages, salaries, tips, and other employee compensation, plus the taxpayer's earnings from self-employment. 26 U.S.C. § 32(c)(2)(A) (2012). It does not include amounts received as a pension, an annuity, unemployment compensation, or workmen's compensation. 26 C.F.R. § 1.32-2(c)(2) (2015). Nor does it include welfare payments or Social Security Disability benefits. *Powers v. Comm'r*, T.C. Memo 2000-5, 2000 WL 5255 (2000), *aff'd* 234 F.3d 1269 (6th Cir. 2000). Thus, because the only income which plaintiff alleged that she earned during the relevant tax years was long-term disability income, which does not qualify her for the Earned Income Credit, she is ineligible for a refund based on this credit. As a result, she has failed to state a claim upon which relief can be granted.

For the reasons stated above, we grant defendant's motion to dismiss pursuant to RCFC 12(b)(6). The clerk is directed to dismiss the complaint. No costs.

ERIC G. BRUGGINK
Senior Judge